FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

OCT 2 2 2001

Robert M March
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

Plaintiff-Respondent,

v.

No. CIV-01-1115 LH/RLP
CR-00-797 LH

DAVID NAVA-GARCIA,

Defendant-Movant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court for preliminary consideration of Defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (CV Doc. #1; CR Doc. #25) filed September 24, 2001. Rule 4(b) Governing Section 2255 Proceedings. On June 8, 2000, the government filed an indictment, and on August 7, 2000, Defendant entered his guilty plea. At sentencing he was granted a downward departure for acceptance of responsibility. In summary, he now contends that because his indictment was defective his sentence violates the Supreme Court's pronouncement in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Defendant also claims he is entitled to an additional downward departure under United States Sentencing Guidelines § 5K2.0, and his counsel was ineffective in failing to argue for this departure at sentencing.

Defendant's *Apprendi* claim does not survive scrutiny.[1] He was indicted, convicted, and sentenced under 18 U.S.C. § 1326(a)(1) and § 1326(b)(2), which prohibit reentry by a deported alien. The terms of § 1326(b)(2) provide an increased sentence for a defendant with a prior felony conviction. Defendant argues the indictment was constitutionally defective by failing to identify the

---

[1] Although this claim is procedurally barred because it was not raised on appeal, *United States v. Cox*, 83 F.3d 336, 341 (10th Cir. 1996), the substance of the claim will be examined, *United States v. Allen*, 16 F.3d 377, 379 (10th Cir. 1994).



prior felony for which his sentence was increased. The Court of Appeals for the Tenth Circuit has rejected this argument, ruling that an indictment under § 1326(a)(1) is not defective for failure to separately charge a prior felony. *United States v. Martinez-Villalva*, 232 F.3d 1329, 1332 (10th Cir. 2000) (citing *Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998)). Because the indictment against Defendant was not defective, his claim under *Apprendi* must be denied.

Second, Defendant claims that because he pled guilty soon after his indictment he was entitled to an additional downward departure for "fast track disposition" under the provisions of U.S.S.G. § 5K2.0, and his attorney was ineffective in failing to raise the issue. Defendant did not appeal his sentence, and, as a result, this claim would be procedurally barred except that it allegedly resulted from ineffective assistance of counsel. *United States v. Cox*, 83 F.3d 336, 341 (10th Cir. 1996); *but cf. United States v. Galloway*, 56 F.3d 1239, 1242 n.2 (10th Cir. 1995) ("The abuse of ineffectiveness claims for tactical reasons has . . . become a significant burden on courts and prosecutors, both state and federal."). "To establish ineffective assistance of counsel, a defendant must show both that his counsel's performance was constitutionally deficient, and that this deficient performance prejudiced him." *United States v. Harfst*, 168 F.3d 398, 402 (10th Cir. 1999). Departures are granted as a discretionary matter, *United States v. Duncan*, 242 F.3d 940, 944 (10th Cir. 2001), and "deprivation of an opportunity to have a sentencing court exercise its discretion in a defendant's favor can constitute ineffective assistance of counsel," *United States v. Castro*, 26 F.3d 557, 560 (5th Cir. 1994), *quoted in Harfst*, 168 F.3d at 404. Defendant's claim for denial of downward departure is weighed under these standards.

Although the Guidelines contain no departure provisions for "fast track disposition," *United States v. Ruiz*, 241 F.3d 1157, 1169 n.2 (9th Cir. 2001) (Tashima, J., concurring), a departure may be allowed under § 5K2.0 for a "circumstance of kind, or to a degree, not adequately taken into

consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." *Duncan*, 242 F.3d at 949; *Koon v. United States*, 518 U.S. 81, 96 (1996). As noted by the Court of Appeals for the Ninth Circuit, "fast track disposition" is the kind of circumstance contemplated by the "substantial assistance" provisions of the Guidelines, *Ruiz*, 241 F.3d at 1169 n.3 (Tashima, J., concurring), and, therefore, provides no support for a departure under § 5K2.0. *Id.* at 1169-70. There is thus not a "reasonable probability," *Laycock v. New Mexico*, 880 F.2d 1184, 1187 (10th Cir. 1989), that Defendant would have received a lower sentence if his attorney had argued for an additional departure, *see Romero v. Tansy*, 46 F.3d 1024, 1033 (10th Cir. 1995) (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). No relief can be granted on Defendant's claims, Rule 4, and the § 2255 motion will be dismissed.

IT IS THEREFORE ORDERED that Defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (CV Doc. #1; CR Doc. #25) filed September 24, 2001, is DISMISSED, and this civil proceeding is DISMISSED.

_____
UNITED STATES DISTRICT JUDGE